**MADAR LAW CORPORATION**
Alex S. Madar, Esq. (SBN: 319745)
alex@madarlaw.net
14410 Via Venezia # 1404
San Diego, CA 92129-1666
Telephone: (858) 299-5879
Fax: (619) 354-7281

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| **DANIEL FAGERSON, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DMJJ CONSTRUCTION, INC., DOES,**<br><br>**Defendants.** | **Case No.:** '19CV1854 BEN RBB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

*(Left margin, rotated text: MADAR LAW CORPORATION 14410 VIA VENEZIA #1404 SAN DIEGO, CA 92129)*

### INTRODUCTION

1.    The plaintiff DANIEL FAGERSON ("Mr. Fagerson" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant DMJJ CONSTRUCTION, INC. ("DMJJ" or "Defendant") in negligently and/or intentionally contacting Plaintiff on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3.    Venue is proper in the United States District Court for the Southern District of California – Central Division pursuant to 28 U.S.C. § 1391 because Defendant:

    (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws by conducting business in this district;

    (b)    does substantial business within this district;

    (c)    is subject to personal jurisdiction in this district; and

    (d)    Plaintiff was harmed by Defendant's conduct within this judicial district.

## PARTIES

4.    Mr. Fagerson is, and at all times relevant was, a citizen and resident of the State of California, County of San Diego, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5.    Plaintiff is informed and believes, and thereon alleges, that DMJJ, a licensed general contractor, is, and at all times mentioned herein was, a California corporation with its principal place of business in California, and is a "person" as defined by 47 U.S.C. § 153(39).

6.    Upon information and belief, DMJJ Construction, Inc. operates business under it's own name, as well as "Advanced Home Energy Solutions", and "www.advanceyourhome.com", among others.

7.    "Advanceyourhome.com" lists a contractor's license # of 993830on it's website, which according to the California Department of Consumer Affairs Contractors State License Board belongs to "DMJJ Construction Inc. dba Advanced Home Energy Solutions".

8.    Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

### FACTUAL ALLEGATIONS

9.    There are online complaints about Defendant's calling practices, including numerous complaints that Defendant placed unsolicited recorded message calls even to people who were on the National Do-Not-Call Registry.

10.    At all times relevant, Plaintiff did not have a business relationship with DMJJ.

11.    At all times relevant, Plaintiff's telephone number was on the National Do-Not-Call Registry.

12.    On or about January 15, 2019, at approximately 12:24 p.m., DMJJ called Plaintiff on his cellular telephone number ending in "1767" from telephone number displayed as (858) 901-1180.

13.    This prerecorded voice call to Plaintiff's cell phone indicated that the caller was "Home Energy Solutions", with a website of "advanceyourhome.com" and solicited Plaintiff to purchase new windows and other upgrades for his house.

14.    The prerecorded voice call was impersonal in nature.

15.    Upon information and belief, DMJJ sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited prerecorded messages *en masse* to thousands of consumers' cellular telephones nationwide.

16.    Upon information and belief, the automated telephone system used by DMJJ or its agents to place the prerecorded call has the capacity to store or

MADAK LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

produce telephone numbers to be called, using a random or sequential number generator.

17. Upon information and belief, the automated telephone system also has the capacity to, and does, automatically dial telephone numbers stored as a list or in a database.

18. Defendant's telephone communications were for marketing or solicitation purposes.

19. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

20. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service, pursuant to 47 U.S.C. § 227(b)(1).

21. Plaintiff's cell phone number is primarily used for personal reasons.

22. Defendant did not have prior express written consent to call Plaintiff's cell phone with an automated telephone dialing system or with a prerecorded voice message.

23. Upon information and belief, Defendant obtained Plaintiff's cell phone number from someone other than Plaintiff.

24. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

25. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and annoyed that Defendant annoyed Plaintiff with an unwanted prerecorded voice message using an ATDS without his prior express consent, in an effort to solicit the purchase of Defendant's products and services.

26. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones

MADAK LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

because they were occupied by having to answer Defendant's unsolicited calls, causing annoyance and lost time.

27.    The prerecorded voice messages from DMJJ, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated.

29.    Plaintiff represents, and is a member of the class (the "Class"), consisting of:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice, within four years prior to the filing of the Complaint.

30.    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the several thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31.    Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Class via their cellular telephones by using an ATDS or with a prerecorded voice, thereby invading the privacy of said Plaintiff and the members of the Class.

32.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

MADAK LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33.    The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through records of Defendant and/or its agents and records of wireless telephone carriers.

34.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual members of the Class, including the following:

(a)    Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) placed any artificial or prerecorded call without the prior express written consent of the called party to members of the Class using an automatic dialing system;

(b)    Whether the calls were for marketing or solicitation purposes;

(c)    Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

(d)    Whether Defendant's conduct was knowing and/or willful;

(e)    Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation; and

(f)    Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

35.    As a person who received at least one prerecorded voice call from DMJJ or its agents using an ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class.

MADAK LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

36.    Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

37.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of each individual Class member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

38.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

39.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40.    Notice may be provided to the Class members by direct mail and/or email notice, publication notice and by other reasonable means.

41.    Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

/./././

/./././

/./././

MADAK LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET SEQ.

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

44.    As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET SEQ.

46.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

48.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment against Defendant and the following relief:

- An order certifying the Class as requested herein;

- An order appointing Plaintiff to serve as the representative of the Class in this matter and appointing Plaintiff's Counsel as Class Counsel in this matter;

- An award of $500.00 in statutory damages to Plaintiff and each Class member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An award of $1,500.00 in statutory damages to Plaintiff and each Class member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pre-judgment and post-judgment interest;

- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);

- An award of reasonable costs of suit;

- An award of reasonable attorneys' fees;

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

50.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: September 26, 2019                    Respectfully submitted,


                                             **MADAR LAW CORPORATION**

                                             By:     s/ ALEX S. MADAR
                                                     ALEX S. MADAR
                                                     ATTORNEY FOR PLAINTIFF

MADAR LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

## CERTIFICATION OF WORD COUNT

I, Alex S. Madar, hereby certify that, according to the computer program used to prepare this document, Complaint, contains 2272 words.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 26th day of September, 2019, in San Diego, California.

MADAR LAW CORPORATION

By:    s/ ALEX S. MADAR_____
       ALEX S. MADAR
       ATTORNEY FOR PLAINTIFF

MADAR LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129